UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MARTINA GARCIA GARDUNO,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,<br><br>　　　　　　　Defendant. | Case No. 2:17-cv-4317-JDE<br><br>MEMORANDUM OPINION AND<br>ORDER |

Plaintiff Martina Garcia Garduno ("Plaintiff") filed a Complaint on June 9, 2017, seeking review of denials of her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") by the Commissioner of Social Security ("Commissioner" or "Defendant"). Dkt. No. 1. The parties filed consents to proceed before the undersigned Magistrate Judge. Dkt. Nos. 13, 14. In accordance with the Court's Order Re: Procedures in Social Security Appeal, the parties filed a Joint Stipulation on March 8, 2018, addressing their respective positions. Dkt. No. 21 ("Jt. Stip."). The Court has taken the Joint Stipulation under submission without oral argument and, as such, this matter now is ready for decision.

## I.

## BACKGROUND

On October 23, 2012, Plaintiff applied for DIB and SSI, alleging disability beginning October 12, 2012. Administrative Record ("AR") 171-72. After her application was denied initially (AR 113-17) and on reconsideration (AR 120-24, 125-29), Plaintiff requested an administrative hearing, which was held on October 9, 2015. AR 42-70. Plaintiff, represented by counsel, appeared and testified at the hearing before an Administrative Law Judge ("ALJ"), as did a vocational expert ("VE"). Id.

On January 11, 2016, the ALJ held Plaintiff was not disabled. AR 19-41. The ALJ found that Plaintiff suffered from the following severe impairment: lumbar and cervical degenerative disc disease. AR 28. The ALJ found Plaintiff did not have an impairment or combination of impairments that met or equaled a listed impairment. AR 32. The ALJ also found that Plaintiff had the residual functional capacity ("RFC") to perform light work, with other limitations not relevant here. AR 33. The ALJ concluded that Plaintiff was capable of performing past relevant work as a fruit picker. AR 35. Accordingly, the ALJ concluded that Plaintiff was not under a "disability," as defined in the Social Security Act, from October 12, 2012, to the date of the decision. AR 36.

Plaintiff filed a request with the Appeals Council for review of the ALJ's decision. AR 15-18. On April 14, 2017, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-7. This action followed.

## II.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review a decision to deny benefits. The ALJ's findings and decision should be upheld if they are free

from legal error and supported by substantial evidence based on the record as a whole. Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (as amended); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Id. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21; see also Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."). However, a court "may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). Lastly, even when the ALJ commits legal error, the Court upholds the decision where that error is harmless. Molina, 674 F.3d at 1115. An error is harmless if it is "inconsequential to the ultimate nondisability determination," or if "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." Brown-Hunter, 806 F.3d at 492 (citation omitted).

## III.

## DISCUSSION

The parties present one disputed issue: "[w]hether the ALJ's finding that [Plaintiff] could perform past relevant work is supported by substantial evidence?" Jt. Stip. at 4.

A.   <u>Legal Standard</u>

At Step Four of the sequential evaluation for disability determinations, the ALJ must determine whether, in light of the claimant's RFC, she can return to past substantial gainful activity. 20 C.F.R. § 404.1520(e). The claimant has the burden to show that she can no longer perform her past relevant work either as actually performed <u>or</u> as generally performed. <u>See Carmickle v. Comm'r, Soc. Sec. Admin.</u>, 533 F.3d 1155, 1166 (9th Cir. 2008); <u>see also</u> <u>Pinto v. Massanari</u>, 249 F.3d 840, 845 (9th Cir. 2001) ("We have never required explicit findings at step four regarding a claimant's past relevant work both as generally performed <u>and</u> as actually performed").

The Dictionary of Occupational Titles ("DOT") is usually the best source for determining how past relevant work is generally performed. <u>Pinto</u>, 249 F.3d at 845-46. "Social Security Regulations name two sources of information that may be used to define a claimant's past relevant work as actually performed: a properly completed vocational report, and the claimant's own testimony." <u>Id.</u> at 845 (citing SSR 82-61, 1982 WL 31387 (Jan. 1, 1982)). In assessing a claimant's testimony, the ALJ is responsible for determining credibility and resolving conflicts and ambiguities. <u>Meanel v. Apfel</u>, 172 F.3d 1111, 1113 (9th Cir. 1999). The ALJ also has a duty to make the requisite factual findings to support his or her conclusion at Step Four. <u>Pinto</u>, 249 F.3d at 844. However, the duty to inquire and make findings regarding a claimant's impairment as it relates to an ability to perform past work does not mean that the initial burden of proving a disability by showing an inability to perform past relevant work has been removed from the claimant. <u>Clem v. Sullivan</u>, 894 F.2d 328, 331-32 (9th Cir. 1990).

B.   <u>Analysis</u>

Plaintiff argues the ALJ erred in determining Plaintiff can perform past relevant work as a fruit picker in light her of assessed RFC. Jt. Stip. at 7-11.

4

The Commissioner does not dispute that the VE erred in mis-identifying the DOT number for the applicable occupation coinciding with Plaintiff's past relevant work, but argues that any errors made by the ALJ in relying on the VE's testimony regarding how Plaintiff's past relevant work is generally performed were harmless because the ALJ found that Plaintiff could perform her past relevant work as she had actually performed it, not as it is generally performed. Id. at 14 (citing AR 35-36). In reply, Plaintiff argues that the ALJ's findings regarding Plaintiff's past relevant work as actually performed are not supported by substantial evidence. Id. at 16-17.

Thus, the sole specific issue before the Court is whether the ALJ's finding that Plaintiff could perform her past relevant work as actually performed is supported by substantial evidence. In his decision, the ALJ found:

> [Plaintiff] has past work as a fruit picker, which was light, unskilled work as the claimant actually performed it, but medium, unskilled work as generally performed.
>
> In comparing [Plaintiff's RFC] with the physical and mental demands of this work, the [ALJ] finds that [Plaintiff] is able to perform her past work as actually performed. This conclusion is consistent with the credible testimony of the [VE] at the hearing.

AR 36. The ALJ therefore found Plaintiff was not disabled and did not proceed further in the sequential evaluation.

At the hearing, the VE mistakenly identified Plaintiff's past relevant work as consistent with the DOT 405.687-018, "transplanter, orchid." AR 67-68. The Commissioner stipulates that the VE misidentified the DOT number for Plaintiff's past relevant work (Jt. Stip. 14); the parties agree that DOT 403.687-010, "harvest worker, fruit," provides the occupational description for Plaintiff's past relevant work. Id. at 9-10, 14. The ALJ further questioned the VE, although the record of the testimony is not a model of clarity. AR 67-68.

5

The DOT description for harvest worker states that the occupation requires "Medium Work." <u>See</u> DOT 403.687-010. This work constitutes "[p]hysical demand requirements [] in excess of those for Light Work." <u>Id.</u> Thus, to the extent the VE testified that Plaintiff, while limited to "light" work, could perform the occupation of "harvest worker, fruit" as generally performed and as described in the DOT, the testimony would conflict with the "medium" exertion level in the DOT. The Commissioner argues that any reliance by the ALJ on erroneous VE testimony was harmless because other substantial evidence supports his findings. Jt. Stip. at 13-14. The Court agrees.

1. <u>The ALJ's finding at Step Four is supported by substantial evidence.</u>

The relevant inquiry here is whether the ALJ's decision that Plaintiff could perform her work as actually performed was based on substantial evidence. The ALJ properly looked to two sources of information to define Plaintiff's past relevant work as actually performed: (1) Plaintiff's testimony and (2) her completed vocational report. <u>Pinto</u>, 249 F.3d at 845.

In her Work History Report, Plaintiff described her past work, in part, as follows: "pick berries and stack in a box, then [I] take it to the loading cart . . ." and identified the heaviest weight she lifted was twenty-five (25) pounds. <u>Id.</u> Plaintiff thereafter testified that she carried boxes of strawberries, some of which weighed twenty (20) pounds. AR 59-60. A maximum lifting requirement of 20 pounds is consistent with "light" work, whereas a maximum lifting requirement of 50 pounds is consistent with "medium" exertional level.[1] Plaintiff's RFC limited her to "light" work. AR 33.

---

[1] Light work involves, among other things, "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). Medium work involves "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." § 404.1567(c).

Plaintiff argues that the finding that she could perform her past work as actually performed is deficient for two reasons: (1) the limitation to light work in her RFC conflicts with her description of her past relevant work; and (2) the ALJ mischaracterized the testimony of the VE. Jt. Stip. at 7-8.

With respect to her first argument, Plaintiff argues that the Work History Report, which references, without further explanation, a maximum lifting of 25 pounds in her past relevant work, should be given precedence over Plaintiff's testimony at the administrative hearing because the ALJ did not specifically ask if 20 pounds was the "heaviest" item Plaintiff lifted. Id. at 8. However, at the hearing, Plaintiff was asked if she lifted "heavy" things in her past work; after an affirmative response, Plaintiff purported to further describe those "heavy" things, depicting the heaviest item as weighing 20 pounds – consistent with "light" work. AR 59-60. Plaintiff did not describe in her testimony any item she lifted weighing more than 20 pounds. Plaintiff was represented by counsel at the hearing, and immediately after the colloquy about the 20-pound lifting, Plaintiff's counsel was provided an opportunity to and did question Plaintiff, but did not ask any questions about maximum lifting requirements. In his decision, the ALJ noted both the 25-pound lifting description in the Work History Report and 20-pound lifting testimony. AR 30, 34. The ALJ nonetheless concluded that, although Plaintiff's RFC limited her to "light" work, that is, lifting no more than 20 pounds at a time, she could nonetheless perform her past relevant work as she had actually performed it – thereby crediting Plaintiff's testimony at the hearing and discrediting her Work History Report. The ALJ's finding is supported by substantial evidence.

The ALJ is responsible for resolving conflicts and ambiguities in a claimant's testimony. Meanel, 172 F.3d at 1113; see also Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987) ("The general rule is that conflicts in the evidence are to be resolved by the Secretary."). In finding Plaintiff could

perform her past relevant work as actually performed, despite an RFC limiting her to light work, the ALJ did what he is called upon to do – resolve conflicts or ambiguities in the record. He credited Plaintiff's testimony, under oath and with her attorney present who had an ability to clarify the record, over testimony provided on a form. The ALJ's finding is supported by substantial evidence. See Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009) ("Substantial evidence means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.").

As to Plaintiff's second argument, that the ALJ mischaracterized the VE's testimony, although the Court agrees the VE's testimony lacked clarity and contained errors, the Court nonetheless finds that, to the extent the ALJ's mischaracterized or relied upon erroneous VE testimony, such error was harmless because sufficient other evidence in the record supports the ALJ's findings. See Perestoronina v. Berryhill, 699 F. App'x 644, 645-46 (9th Cir. 2017) (finding an ALJ's reliance on erroneous VE testimony that identified an occupational description that exceeded the claimant's RFC was harmless as substantial evidence supported a comparison of the claimant's RFC with the demands of her past work as she actually performed it). Specifically, as discussed more fully above, Plaintiff's hearing testimony regarding her description of her work as actually performed provides substantial evidence to support the ALJ's findings regarding Plaintiff's ability to perform past relevant work as it was actually performed despite a limitation to "light" work.

2. The ALJ did not err in considering of Plaintiff's language skills.

Plaintiff recounts that Plaintiff reported that she does not read or speak English, and in three paragraphs, briefly argues that the ALJ improperly considered Plaintiff's language limitations, and argues that "a disability finding is required under Medical Vocational Rule 202.09 when an individual is

8

closely approaching advanced age, unable to perform past work, and illiterate or unable to communicate in English." Jt. Stip. at 11 (citing 20 C.F.R. Pt. 404, Subpt. P, App. 2, 202.09). The Commissioner does not respond to Plaintiff's language argument in her portion of the Joint Stipulation. The Court finds that the ALJ did not err in his consideration of Plaintiff's language limitation.

In Pinto, the Ninth Circuit declined to decide whether an ALJ is always required to consider a claimant's language skills at Step Four of the sequential evaluation. 249 F.3d at 847 n.5 ("It is unclear whether the ALJ should have considered [claimant's] language skills at all at step four, given that [claimant's] difficulties with language are independent of the disability upon which she bases her claim. We decline to reach the question of whether illiteracy may properly be considered at step four of a disability determination."). However, the court in Pinto indicated that when an ALJ relies upon a DOT description regarding how a job is generally performed at Step Four, where illiteracy or a language limitation creates a conflict with the DOT's description, the ALJ must explain any such deviation. Id. at 847.

In the instant case, assuming that the ALJ was required to address the issue when his finding was based upon Plaintiff's past relevant work as actually performed, as opposed to as generally performed, the ALJ did offer an explanation as to how Plaintiff's language limitation would impact her ability to perform her past relevant work. Specifically, after citing to evidence that Plaintiff had reported working as an agricultural laborer in this country for 23 years, the ALJ recounted that Plaintiff "was able to communicate well enough to perform her past work as a fruit picker for decades." AR 34. The ALJ's conclusion that Plaintiff could perform her past relevant work as she actually performed it, despite her language limitations, is supported by substantial evidence in the record. See Galdamez v. Colvin, NO. EDCV 13-00630-DFM, 2014 WL 292044, at * 7 (C.D. Cal. Jan. 27, 2014) (finding limited English

skills and a sixth-grade education did not prevent the claimant from performing her past work as she had actually performed it for eight years).

As for the Medical Vocational Guidelines, or "grids," consideration of the grids is only appropriate at Step Five of the sequential evaluation. See Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006) ("The grids are applied at the fifth step of the analysis under 20 C.F.R. § 404.1520 . . . ."); see also Silveira v. Apfel, 204 F.3d 1257, 1261 n.14 (9th Cir. 2000) (literacy and education levels are vocational factors relevant only to the Step Five inquiry of a disability). As the ALJ's Step Four determination was supported by substantial evidence, the ALJ was not obligated to proceed to Step Five.

The ALJ did not err with respect to his consideration of Plaintiff's language limitations at Step Four.

## IV.

## CONCLUSION

IT THEREFORE IS ORDERED that judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

Dated: March 27, 2018

_____
JOHN D. EARLY
United States Magistrate Judge